NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN WILLIAMS, : | **Hon. Peter G. Sheridan** |
| Petitioner, : | Civil Action No. 06-5439 (PGS) |
| v. : | **O P I N I O N** |
| ZULIMA FARBER, et al., : | |
| Respondents. : | |

APPEARANCES:

    JOHN WILLIAMS
    279 Communipaw Avenue
    Apartment 1
    Jersey City, New Jersey 07304
    Petitioner Pro Se

**SHERIDAN, District Judge:**

John Williams filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, accompanied by an application to proceed in forma pauperis and several exhibits, challenging a conviction in the Superior Court of New Jersey. Having thoroughly reviewed Petitioner's submissions, the Court summarily dismisses the Petition for lack of subject matter jurisdiction, see 28 U.S.C. § 2254 Rule 4, and declines to issue a certificate of appealability, see 28 U.S.C. §§ 2253(c).

## I. BACKGROUND

Petitioner challenges a conviction and sentence entered in the Superior Court of New Jersey, Hudson County, on August 7, 1995, after a jury found Petitioner guilty of conspiracy to

distribute a controlled dangerous substance and related crimes. The Law Division sentenced Petitioner to a five-year term of imprisonment, with a two-year period of parole ineligibility. Petitioner appealed, and on December 31, 1996, the Superior Court of New Jersey, Appellate Division, affirmed. On April 24, 1997, the New Jersey Supreme Court denied certification. See State v. Williams, 149 N.J. 142 (1997) (table).

On August 6, 1997, Petitioner filed his first § 2254 petition challenging his New Jersey drug conviction in this Court. See Williams v. Attorney General of New Jersey, Civil No. 97-3900 (WHW) (D.N.J. filed August 6, 1997). By Order and Opinion entered July 21, 1999, United States District Judge William H. Walls dismissed the first petition without prejudice as unexhausted. Id. order (D.N.J. July 20, 1999).

On February 5, 2003, Petitioner filed his second § 2254 petition challenging his New Jersey drug conviction in this Court. This Court dismissed the second petition for lack of jurisdiction because Petitioner was not in custody when he filed the petition. See Williams v. Harvey, Civil No. 03-0549 (FSH) order (D.N.J. June 20, 2003). Petitioner filed an application for a certificate of appealability in the United States Court of Appeals for the Third Circuit, which the Court denied on May 20, 2004. See Williams v. Harvey, C.A. No. 03-3051 order (3d Cir. May 20, 2004). The Third Circuit denied a COA on the following basis:

> Appellant was not "in custody" pursuant to his New Jersey conviction for possession of a controlled substance because the sentence on Appellant's New Jersey conviction had expired long before Appellant filed his § 2254 in February 2003. Accordingly, the District Court lacked jurisdiction to entertain Appellant's § 2254 petition. See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003). Appellant, who admits in his § 2254 petition that he is '[n]ot in custody,' nevertheless appears to claim that he should be

2

>deemed to be 'in custody' in 2003 because his New York sentence had not fully expired at the time he filed his first § 2254 petition in 1997. The contention is meritless. Because Appellant's first § 2254 petition was dismissed without prejudice for non-exhaustion and the District Court did not retain jurisdiction, the 2003 habeas petition was subject to the requirement of existing custody at the time of its filing in February, 2003. See Kravitz v. Pennsylvania, 546 F.2d 1100, 1102-03 (3d Cir. 1977). The sentence on the New York conviction expired on July 5, 2001. Consequently, at the time he filed his § 2254 petition in February 2003, Appellant was not "in custody" pursuant to the New Jersey conviction or the New York conviction, and thus, the District Court lacked jurisdiction to consider Appellant's § 2254 petition.

Id.

On November 13, 2006, Petitioner executed his third § 2254 Petition (presently before this Court). The Clerk received it on November 14, 2006. Petitioner asserts on the first page that he is "not in custody." (Pet. p. 1.) The Petition raises three grounds:

>Ground One: PETITIONER RIGHT OF DUE PROCESS WAS VIOLATED WHEN A FUNDAMENTAL INJUSTICE DID OCCUR IN THE TRIAL COURT. ERROR BELOW, U.S. FOURTEENTH AMENDMENT.
>
>Ground Two: PETITIONER CLAIM THAT AN EVIDENTIARY ERROR AT HIS STATE COURT TRIAL AMOUNTED TO A DENIAL OF DUE PROCESS UNDER THE U.S. CONSTITUTION FOURTEENTH AMENDMENT.
>
>Ground Three: PETITIONER'S RIGHT TO DUE PROCESS OF LAW WAS VIOLATED, WHEN PETITIONER WAS ENTITLED TO HAVE ASSIGNED COUNSEL REVIEW HIS SECOND POST-CONVICTION PETITION AND MAKE ARGUMENTS IN SUPPORT OF IT 14TH AMENDMENT.

(Pet. ¶ 12.)

## II. STANDARD OF REVIEW

"In conducting habeas review, a federal court is limited to deciding whether a conviction [or confinement] violate[s] the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-120 (1982); Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). As the Supreme Court explained,

> Habeas Rule 2(c) . . . provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground. See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . . A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied,

4

490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III. DISCUSSION

A. Jurisdiction

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91); see also Spencer v. Kemna, 523 U.S. 1 (1998). The petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired. See Maleng, 490 U.S. at 493 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction"); see also Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001); Drakes v. INS, 330 F.3d 600 (3d Cir. 2003).

In this case, Petitioner's five-year term of imprisonment expired several years before he executed the present § 2254 Petition. Because Petitioner was not "in custody" under the sentence under attack at the time the Petition was filed, this Court lacks jurisdiction over the Petition.

B. Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for lack of subject matter jurisdiction and denies a certificate of appealability.

_____
**PETER G. SHERIDAN, U.S.D.J.**

Dated: December 19, 2006

6